

# COURT OF APPEALS
**SECOND DISTRICT OF TEXAS**
**FORT WORTH**

**NO. 02-12-00610-CR**

THE STATE OF TEXAS                                                    STATE

V.

JONATHAN MICHAEL MUNSEY                                        APPELLEE

----------

FROM THE COUNTY COURT AT LAW NO. 2 OF WICHITA COUNTY

----------

## ABATEMENT ORDER

----------

This is an appeal by the State from the trial court's written order granting Appellee Jonathan Michael Munsey's motion to suppress evidence. We abate this appeal and remand the case to the trial court for additional findings of fact in accordance with this order.

The court of criminal appeals has instructed appellate courts that, in the absence of a specific finding of fact with respect to a dispositive issue in the

case, we should remand the case to the trial court for entry of additional, specific findings of fact on that dispositive issue. *See State v. Mendoza*, 365 S.W.3d 666, 670 (Tex. Crim. App. 2012); *State v. Elias*, 339 S.W.3d 667, 676–77 (Tex. Crim. App. 2011).

Section 545.058 of the transportation code allows for driving on an improved shoulder if it can be done safely and if it is necessary to achieving one of the seven approved purposes. *See* Texas Transp. Code § 545.058(a) (West 2012). Thus, "the offense of illegally driving on an improved shoulder can be proved in one of two ways: either driving on the improved shoulder *was not a necessary part of achieving one of the seven approved purposes*, or driving on the improved shoulder *could not have been done safely*." *Lothrop v. State*, 372 S.W.3d 187, 191 (2012).

Here, the trial court made specific findings about the safety requirement of section 545.058, but the trial court did not make specific findings of fact about the necessity requirement of section 545.058—that is, findings related to whether driving on the improved shoulder was a necessary part of achieving one of the seven approved purposes under section 545.058. *See* Texas Transp. Code § 545.058(a); *Lothrop*, 372 S.W.3d at 191. The trial court did not make a finding of fact with respect to the credibility of Trooper Timms's testimony as to the lack of necessity, *see Elias*, 339 S.W.3d at 676 (instructing that appellate court should have remanded to trial court for credibility determination), or other any findings of

fact about whether driving on the improved shoulder was a necessary part of achieving one of the statutorily-approved purposes under section 545.058.

The trial court shall file its additional findings of fact on or before **Monday, January 20, 2014**.  The record shall include a supplemental clerk's record.  On our receipt of the supplemental record, the appeal of this cause shall be reinstated automatically without further order.

The clerk of this court shall transmit a copy of this order to the attorneys of record, the trial court judge, the trial court clerk, and the court reporter.

DATED December 20, 2013.